IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANNETTE WILLIAMS  AND §
VICTORIA EAGLIN, §
     Plaintiffs, §
§         CIV. ACTION NO. 4:17-cv-02245
v. §
§
TEXAS CHILDREN'S HOSPITAL, §
    Defendant. §         JURY DEMANDED

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Annette Williams and Victoria Eaglin, ("Plaintiff" or, respectively, "Williams" and "Eaglin"), and complain of Texas Children's Hospital ("Defendant" or "TCH"), and for their cause of action would show the Court as follows:

## I.     INTRODUCTION

1.     This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 committed against Plaintiffs during their employment with Defendant.

2.     Plaintiffs demand a jury on all issues triable to a jury.

## II.  PARTIES

3.     Plaintiff Annette Williams is a Texas resident.

4.     Plaintiff Victoria Eaglin is a aTexas resident.

5.     Defendant Texas Children's Hospital is a non-profit corporation with its principle place of business in Harris County, Texas. It may be served through its registered agent for service Mark A. Wallace, 6621 Fannin, Houston, Texas 77030.

6.      Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III.    JURISDICTION AND VENUE

7.      This court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331 and 1343.

8.      The Court has personal jurisdiction over Defendant since Defendant maintains regular business operations in Texas, regularly conducts business in the State of Texas, and has minimum contacts with the State of Texas.

8.      Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

## IV.   PROCEDURAL REQUISITES

9.      Plaintiffs each filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"). This petition is filed with 90 days of the receipt of the respective right to sue letters from the EEOC to each Plaintiff.

10.     All conditions precedent to filing this cause of action have been met.

## V.   FACTS

11.     Plaintiffs Williams and Eaglin were both employed as Patient Access Representatives at TCH in the Cardiac Care Clinic. Eaglin began working for TCH on 2006, and Williams started working for TCH in 2008.  On July 25, 2015, both women were terminated from TCH.  Based on

the false allegations, statements made in relation to their positions and race, and their treatment by certain members of the supervisory staff, it is clear that Eaglin and Williams were discriminated against because of their race, African American.

12.    On multiple occasions in the year and months leading up their terminations Williams and Eaglin were both told that management wanted to replace them with Hispanic employees. Eaglin and Williams were referred to by certain supervisors and co-workers as "the black girls."

13.    Over the course of her employment with TCH Williams applied for a number of transfers for which she was fully qualified. For example, Williams applied for a transfer to the Women's Pavilion but was rejected despite her qualifications and seniority with TCH. Based on the demographics of the people accepted as transfers to the Women's Pavilion, it was clear race played a role in certain personnel decisions.

14.    In July 2015 TCH accused Eaglin of clocking Williams in for work. The two women's supervisor, Danielle Williams, told Plaintiff Williams that records show Plaintiff Williams was clocked in at 7:32, but Danielle Williams saw on video that Plaintiff Williams was in the TCH Tower at 8:00 a.m.  Danielle Williams then stated that she saw on the video that Eaglin was at the Cardiac Clinic desk at 7:32, and Danielle Williams concluded Eaglin must therefore have clocked Plaintiff Williams in before Plaintiff Williams was at work. Plaintiff Williams tried to explain that wasn't true, she had clocked herself in. She reminded Danielle Williams that she could clock in at any terminal and it required her password and username. Eaglin also tried to tell Danielle Williams that she did not clock Annette Williams in, but Danielle Williams terminated them both on July 25, 2015.

15.    Neither employee had a history of disciplinary problems or performance issues. TCH has a multi-step progressive discipline program in place but deviated from that program in this case.

This sudden decision to terminate for questionable or outright false bases and without any opportunity to correct the perceived or alleged wrong is in keeping with treatment TCH has exhibited with an alarming number of other African-American employees.

16.     Both Plaintiffs were replaced with non-African American employees.

## VI.     CAUSE OF ACTION - RACE DISCRIMINATION

17.     Plaintiffs reassert and incorporate by reference herein all the facts and allegations set forth above.

18.     Plaintiffs are members of a protected class, namely, they are African-American.

19.     Plaintiffs were qualified for the positions in which they were employed.

20.     Plaintiffs suffered an adverse employment action, namely, termination.

21.     Plaintiffs were treated differently from others outside their protected class and/or were replaced by someone outside her protected class.

## VII.     DAMAGES

22.     As a result of Defendant's discrimination Plaintiffs have suffered loss of wages, bonuses and benefits, loss of opportunity and earning capacity, both in the past and in the future, as well as emotional pain, mental anguish, emotional and mental impairment and disability, suffering, inconvenience, and in all probability will continue to suffer in this regard in the future.

## VIII.   ATTORNEYS' FEES

23.     Plaintiffs are entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes.

## IX.     JURY DEMAND

24.     Plaintiffs request a trial by jury on all issues triable by a jury in this case.

## X.   RELIEF REQUESTED

25.     Plaintiffs pray for the following relief:

a.   For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

b.   For compensatory damages, punitive damages, and liquidated damages as allowed by law;

c.   For attorneys' fees;

d.   For expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

e.   For pre-judgment and post-judgment interest as allowed by law;

f.   For costs of court, costs of prosecuting Plaintiffs' claims; and

g.   For such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted

*/s/ Jakki A. Hansen*
Jakki A. Hansen
ATTORNEY-IN-CHARGE
State Bar No. 24000886
SD TX No. 32213
THE HANSEN LAW FIRM,P.C.
10190 Katy Freeway, Ste 440
Houston, Texas 77043
Telephone: (281) 888-4364
Facsimile: (888) 492-9819
*jhansen@hansenlawfirmpc.com*
ATTORNEY FOR PLAINTIFFS ANNETTE WILLIAMS AND VICTORIA EAGLIN